United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jermaine E. Leday, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-26-0712 |
| | § | |
| Wal-Mart Stores Texas, LLC, | § | |
| et al., | § | |
| *Defendants*. | | |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 54. Pending before the court are eleven motions. ECF Nos. 24, 40, 43, 44, 46, 47, 48, 49, 51, 56, 57.

***1. Background and Procedural History***

Plaintiff filed this lawsuit in the 269th Judicial District Court of Harris County, Texas, on January 7, 2026. ECF No. 1-2. He sued only Wal-Mart Stores Texas, LLC d/b/a Walmart. *Id.* The Original Petition stated that Plaintiff brought his car to Walmart for battery service. *Id.* at 2. Plaintiff alleged that the technician tried to jumpstart the battery, but did so improperly, which caused damage to Plaintiff's vehicle. *Id.* Plaintiff asserted that the manager on duty refused to open a liability claim. *Id.* As causes of action, Plaintiff alleged only negligence, "corporate grievance and repeated statutory violations," violations of the Texas Insurance Code, and various violations of the Texas Deceptive Trade Practices Act. *Id.* at 2–8. Plaintiff sought actual damages in the amount of $379,491, as well as exemplary damages and costs. *Id.* at 8–9.

Walmart timely removed the case to federal court, based on diversity jurisdiction. ECF No. 1. Approximately three weeks later, Leday filed his Amended Complaint. ECF No. 12. In that amended pleading, Leday added eighteen new named parties and more than 400 John and Jane Does. *Id.* The named parties included the City of Port Arthur, Jefferson County, and Five Star Seeds, LLC, as well as various managers that were on duty when Plaintiff brought his car to Walmart for service. *Id.* The Doe parties are various municipal and county officials. *Id.*

The Amended Complaint begins with allegations pertaining to Plaintiff's experience with Walmart's vehicle service department. ECF No. 12 at 4. Plaintiff alleges that Joshua LNU—the service manager who was on duty when Plaintiff brought his car in for service—wrongfully refused to intake or forward Plaintiff's liability claim for vehicle damage. *Id.* Plaintiff alleges that such refusal violated Walmart's policies and training requirements. *Id.* Plaintiff alleges that the store manager on duty, Michael Longoria, failed to train and supervise the service manager, Joshua. *Id.*

Plaintiff then alleges that the wrongs he endured at Walmart's hands were "the initiating event and causal bridge that converted a private tort into state-facilitated constitutional injury, triggering the retaliation, seizure, and denial-of-process allegations already before the court." ECF No. 12 at 5. Plaintiff describes his car being towed from his home by police and appears to connect that police action to the alleged faulty repair of his vehicle at Walmart. *Id.* at 6. He states that "Walmart acted jointly with law enforcement by precipitating humiliation and benefiting from the January 11, 2024 seizure." *Id.* at 9. However, Plaintiff does not provide any facts to support that conclusory statement. Plaintiff also alleges that Longoria—the Walmart manager—had knowledge of a "smear campaign" and failed to correct it. *Id.*

According to Plaintiff, Longoria's alleged failure to correct the smear campaign "converted a private dispute into a state-facilitated action." *Id.* Again, Plaintiff alleges no facts to support that conclusory allegation.

Plaintiff's Amended Complaint includes many disjointed and unrelated allegations, none of which appear to have any connection to the original allegedly faulty vehicle repair by Walmart. For example, Plaintiff includes a discussion of an animal attack. ECF No. 12 at 13. It is not at all clear what that alleged attack, apparently by a cat, has to do with the other allegations set forth in the Amended Complaint. Additionally, Plaintiff pleaded that certain "City & County persons" signed affidavits while on government time. *Id.* at 15–16. Many other examples of allegations that have seemingly nothing to do with the initial lawsuit are woven throughout the pleading. *See, e.g.*, ECF No. 12 at 16–17 (alleging ADA violations by a court clerk), 19 (describing "Weaponization of Official Authority and Letterhead" and "selective recordkeeping"), 20 (alleging harassment by fire department and police), 25 (pertaining to FEMA), 28 (discussing a "LegalShield" referral attorney), 30 (complaining of denial of access to the courts), 31 (pertaining to obstruction of justice), 34 (discussing the arbitration clause in the LegalShield contract), 39 (alleging attorney malpractice).

In addition to the variety of facts alleged, Plaintiff's Amended Complaint sets forth assorted causes of action, including First Amendment retaliation, Fourth Amendment unreasonable seizure, violations of Plaintiff's Fourteenth Amendment right to Due Process, denial of access to the courts, and various claims under 42 U.S.C. § 1983, seeking redress for violations of Plaintiff's First, Fourth, and Fourteenth Amendment rights. ECF No. 12. He has also brought a claim based on an allegedly illegal lien being

placed on his vehicle, but he does not say who he believes is responsible for placing the lien. *Id.* at 12–13.

Defendant Walmart moved to dismiss the Amended Complaint on March 11, 2026. ECF No. 18. Walmart argued that there is no cause of action for its managers' failure to follow store procedures; that it, as a non-government entity, cannot be liable for constitutional violations; and that Plaintiff alleged no facts to show that Walmart conspired with state actors. *Id.*

On April 1, 2026, in addition to filing a response to Walmart's motion to dismiss, Plaintiff moved for an extension of time to serve the newly named defendants. ECF No. 22. Five days later, Plaintiff also moved for leave to file a Second Amended Complaint. ECF No. 28. However, before that motion was ruled on, Plaintiff filed his Third Amended Complaint. ECF No. 32. Defendant's moved to strike the Third Amended Complaint as unauthorized under Federal Rule of Civil Procedure 15, given that Plaintiff had already amended his pleading once, and he did not obtain leave to amend. ECF No. 36.

On April 24, 2026, District Judge Bennett held a hearing and addressed several pending motions. Among other rulings, Judge Bennett denied as moot Plaintiff's motions for an extension of time to serve additional defendants and for leave to file a second amended complaint. Docket Entry dated April 24, 2026. Judge Bennett granted Plaintiff leave to file a fourth amended complaint but allowed only seven days to do so. *Id.* Judge Bennett warned Plaintiff that, after the seven days, he would be prohibited from further amending his complaint for ninety days. *Id.*

Plaintiff did not amend his complaint within the seven days that Judge Bennett allowed. That prompted Walmart to file its Motion to Dismiss for Failure to Prosecute and for Failure to Comply with Court Order. ECF No. 40. The next day, on May 6, 2026, without seeking further leave of court, Plaintiff filed his

Fourth Amended Complaint. ECF No. 41. Compared to the Amended Complaint, the Fourth Amended Complaint is longer, names as defendants many of the same or similar parties, and alleges and expands upon many of the same facts and causes of action. As with the Amended Complaint, the Fourth Amended Complaint goes well beyond the original, isolated events related to the battery repair. Walmart has moved to dismiss Plaintiff's Fourth Amended Complaint. ECF No. 43.

### 2. *Plaintiff's Operative Pleading*

The court first addresses the current state of the pleadings. Plaintiff's Fourth Amended Complaint was late filed after the firm seven-day deadline set by Judge Bennett. Accordingly, the Fourth Amended Complaint is unauthorized and without any legal effect.

The live pleading is the Amended Complaint, ECF No. 12. Thus, Defendant's Motion to Dismiss the Fourth Amended Complaint, ECF No. 43, should be **DENIED as moot** as it is directed at a pleading that is not operative.

The court also notes that because Judge Bennett previously denied as moot Walmart's motion to dismiss the Amended Complaint, there is no pending motion or response to the Amended Complaint.

### 3. *IFP Status, Frivolous Litigation, and Improper Joinder*

Plaintiff is seeking permission to proceed without prepayment of costs, otherwise known as *in forma pauperis* or IFP. ECF Nos. 42, 44. The court has reviewed Plaintiff's Motion to Proceed without prepayment of costs, ECF No. 44, and finds that it is meritorious. The Motion is therefore **CONDITIONALLY GRANTED**. A separate order to that effect will be entered.

However, as discussed, Plaintiff's original state court petition named only Walmart as a defendant, and its alleged facts related only to the faulty repair of the battery and the resulting damage to Plaintiff's vehicle. The Amended Complaint and the proposed Fourth Amended Complaint seek to significantly broaden this case to include many unrelated entities and causes of action. If unrestricted by the court, IFP status would allow Plaintiff to effectuate service of process, at no cost to him, on the dozens of defendants that he wishes to add to the case.

Under 28 U.S.C. § 1915(e)(2)(B), "the district court is required to dismiss an IFP case 'at any time' if it determines that the case is 'frivolous or malicious' or 'fails to state a claim on which relief may be granted.'" *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 327 (5th Cir. 2025) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)–(ii)). This limitation applies equally to prisoner and non-prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam) (affirming district court's dismissal of federal claims under Section 1915(e)(2) in a non-prisoner case); *see also Clark v. U.S. Dep't of Just., Off. of the Inspector Gen.*, No. 26-2539, 2026 WL 1839745, at *3 (S.D. Tex. May 18, 2026) (citing *Newsome* for this principle), *R. & R. adopted*, 2026 WL 1839072 (S.D. Tex. June 25, 2026).

A party may only be joined as a defendant in an existing action if a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Plaintiff's case began with allegations of a faulty repair and damage to a car. Plaintiff is now attempting to broaden the case into areas that have no bearing whatsoever on that original set of facts. Things like animal attacks, attorney malpractice, and the decision to tow Plaintiff's car from his residence are so completely unrelated to the alleged faulty repair that they cannot possibly involve common questions of fact or law.

Accordingly, all claims, parties and damages that are unrelated to the allegedly faulty battery repair should be **DISMISSED without prejudice** under Rule 20. Seeking to join those unrelated claims in this lawsuit is, in the court's view, frivolous. Those claims must be brought in a separate action. *See Moreno v. Kwarting*, No. 20-0146, 2021 WL 6010573, at *3 (S.D. Tex. June 1, 2021) (quoting *George v. Smith*, 607 F.3d 605, 607 (7th Cir. 2007)) ("In other words, '[u]nrelated claims against different defendants belong in different suits.'").

Moreover, because the court recommends dismissal of all parties that are unrelated to the allegedly faulty battery repair, Plaintiff's motion for an extension of time to serve additional defendants, ECF No. 56, is **DENIED as moot.**

#### 4. *Walmart's Motion to Dismiss Under Federal Rule of Civil Procedure 41(b)*

Walmart has moved to dismiss this case based on Plaintiff's failure to timely file his Fourth Amended Complaint. ECF No. 40. Plaintiff argues that he had technical difficulties doing so. ECF No. 46. While the court is somewhat skeptical of Plaintiff's explanations, the court concludes that Plaintiff's case should not be dismissed under these circumstances.

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

The record before the court is insufficient for the court to find that this case should be dismissed. However, Plaintiff is hereby **ADMONISHED** that court deadlines are non-negotiable. In the future, Plaintiff shall adhere to all deadlines. **Failure to do so may result in a recommendation that this case be dismissed with prejudice.**

***5. Plaintiff's Motion for Leave to File the Fourth Amended Complaint***

Plaintiff's Motion for Leave to File the Fourth Amended Complaint, ECF No. 46, is **DENIED**. First, the proposed Fourth Amended Complaint contains parties and allegations that the court has already recommended be dismissed. Moreover, Judge Bennett was clear that failure to timely file the Fourth Amended Complaint would bar any further amendments for ninety days. As it turns out, ninety days has now passed. Accordingly, the court grants Plaintiff **one FINAL attempt to amend his complaint**.

Plaintiff shall file a Fourth Amended Complaint by **September 11, 2026**. That pleading is the **LAST** amendment that will be allowed. It shall be limited to facts, claims, and parties associated with the faulty vehicle repair and any damages

stemming from that. The amendment **SHALL OMIT** any references to the police towing the vehicle, to animal attacks, to attorney malpractice, to falsification of court records, or to any other matter having no direct relationship to the repair or damages caused by the repair. **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN AN ORDER THAT THIS CASE BE IMMEDIATELY DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS**.

Given the court's permission to amend the pleadings, it appears that Plaintiff may seek to name parties that are citizens of Texas. If that turns out to be the case, in addition to filing an answer or motion to dismiss, Defendants shall address whether court continues to have diversity jurisdiction or whether those additional defendants have been improperly joined to destroy diversity.

Discovery in this case is hereby **STAYED** pending resolution of any forthcoming motions to dismiss. Accordingly, all motions related to discovery matters are hereby **DENIED as moot**. ECF Nos. 24, 47, 48, 51.

***6. Remaining Motions***

Plaintiff seeks a temporary restraining order against many defendants that have not been served and who the court has recommended be dismissed from this action. ECF No. 49. There is no basis for granting a temporary restraining order and it is recommended that the motion be **DENIED**.

The court does not need additional argument on the pending motions. The motion for an oral hearing, ECF No. 57, is **DENIED**.

### *7. Conclusion*

For the foregoing reasons:

- Plaintiff's Motion to Proceed without prepayment of costs, ECF No. 44, is **CONDITIONALLY GRANTED**.
- Plaintiff's motion for an extension of time to serve additional defendants, ECF No. 56, is **DENIED as moot**.
- Plaintiff's Motion for Leave to File the Fourth Amended Complaint, ECF No. 46, is **DENIED**.
- Discovery is **STAYED** pending resolution of any forthcoming motions to dismiss. Accordingly, all motions related to discovery matters—ECF Nos. 24, 47, 48, 51—are **DENIED as moot**.
- Defendant's motion for an oral hearing, ECF No. 57, is **DENIED**.

By **September 11, 2026**, Plaintiff shall file a Fourth Amended Complaint that complies with the court's order. The court again reminds Plaintiff that **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN AN ORDER THAT THIS CASE BE IMMEDIATELY DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS**.

Additionally, the court recommends that:

- Defendant's Motion to Dismiss the Fourth Amended Complaint, ECF No. 43, be **DENIED as moot**;
- all claims, parties and damages that are unrelated to the allegedly faulty battery repair be **DISMISSED without prejudice** under Rule 20;
- Plaintiff's motion for a temporary restraining order, ECF No. 49, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 28, 2026.

Peter Bray
United States Magistrate Judge